UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER CORTAZZO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 14-2513 |
| CITY OF READING, et al. | : | |

**MEMORANDUM OPINION**
(Defendants' Motion to Dismiss Plaintiff's Amended Complaint)

Joseph F. Leeson, Jr., J.                                                                     March 25, 2015

**A.     INTRODUCTION**

This is an employment discrimination case. Jurisdiction is based on a federal question.

According to the first amended complaint, plaintiff Christopher Cortazzo has been employed by the Reading Police Department since January 16, 2001 under the supervision of defendant Police Chief William M. Heim.[1] The amended complaint alleges six incidents over a two-year period in which: (1) plaintiff's police work resulted in criticism or discipline of plaintiff; (2) reports prepared and filed by plaintiff were ignored or deleted from the system; (3) the Reading Police Department required plaintiff to submit to a "fit for duty" exam; and (4) the Department harassed plaintiff in connection with his request for "stress leave."

---

[1] Also named as defendants are the City of Reading and Police Officer Madison Winchester

1

Plaintiff asserts the following claims: Count I – a due process "stigma-plus" claim for deprivation of plaintiff's liberty interest in his reputation and an equal protection claim, both under 42 U.S.C. § 1983; Count II – civil conspiracy to deprive plaintiff of a liberty interest in his reputation in violation of 42 U.S.C. § 1985(3); Count III - civil conspiracy to hinder plaintiff's pursuit of a course or courses of justice which he deemed reasonable, in violation of 42 U.S.C. § 1985(2); Count IV – failure to prevent civil conspiracies violative of § 1985, in violation of 42 U.S.C. § 1986; Count V – disability discrimination in violation of Section 504 of the Rehabilitation Act; and Count VI – interference with and retaliation for plaintiff's use of leave in violation of the Family and Medical Leave Act, 29 U.S.C. § 2611.

Defendants move to dismiss the amended complaint. Defendants' motion will be granted, and plaintiff will be granted leave to file a second amended complaint.

**B.   FACTS**

Plaintiff has been employed as a police officer for the Reading Police Department since January 16, 2001. Amended Complaint, ¶12. Defendant Police Chief Heim is his supervisor. *Id.* at ¶ 4. Defendant Officer Winchester is also employed as a police officer in Reading. *Id.* at ¶ 5

In October 2010, plaintiff assisted other officers in an incident during which plaintiff recovered marijuana from the scene. *Id.* at ¶¶ 14, 15. Plaintiff advised defendant Winchester of the recovery and recorded it in his report. *Id.* at 16-18. The next day, defendant Winchester and another officer "counseled"

plaintiff for including the recovery of marijuana in his report and ordered him to write a new report because the original would be deleted. *Id.* at ¶¶ 16-21.

In October 2011, in conversation with three other officers, plaintiff learned that defendant Winchester had told at least one of the officers "to be careful who his friends were and who he hung out with because Plaintiff was going to get him in trouble and that Plaintiff could be a detriment to his advancement at the police department." *Id.* at ¶¶ 26-28. Six months later, plaintiff prepared a memo to "chain of command" regarding the negative comments. *Id.* at 29. The memo was deleted from the report writing system. *Id.* at ¶ 30. Defendant Winchester was not disciplined for his comments, and no one was disciplined for the deletion of the report. *Id.* at ¶ 31-33.

On February 16, 2012, plaintiff apprehended what appeared to be a juvenile out after curfew, following a chase during which the juvenile threw away contraband and resisted arrest. *Id.* at ¶¶ 34-39. At the preliminary hearing, plaintiff was advised that the charges had been withdrawn at the request of Captain Powell and Lieutenant Klok. *Id.* at ¶¶ 40-44. When plaintiff spoke to Captain Powell about refiling the charges, Captain Powell yelled at plaintiff and told him not to refile. *Id.* at ¶ 44. A civil suit alleging unlawful arrest was filed against plaintiff subsequently. *Id.* at ¶ 45. Plaintiff also received a 5-day suspension without pay as a result of the incident. *Id.* at ¶ 47. Other officers involved in similar incidents "were not affected by the chain of command. *Id.* at ¶¶ 48-51.

In July 2013, plaintiff was advised by defendant Chief Heim and Captain Powell that there were concerns within the department about plaintiff's "recent 'behavior' and 'bad attitude.'" *Id.* at ¶¶ 52-53. Plaintiff was requested to make an appointment with the department psychologist. He did so and, upon arriving at the doctor's office, learned that the appointment was for a "Fit for Duty Exam." *Id.* at ¶¶ 54-61. Though "embarrassed and humiliated," plaintiff sat for the exam. *Id.* at ¶¶ 63-64.

In October 2013, Sergeant Don Sheidy was transferred to plaintiff's unit, and treated plaintiff disrespectfully *Id.* at ¶¶ 20-24. Plaintiff prepared a memo to "chain of command," and was subject to retaliation shortly thereafter. *Id.* at ¶ 25.

On November 5, 2013, plaintiff, the day after a double shooting in Kricks Corner, the section of Reading to which he was assigned, was on a "check" when he told a juvenile having a tailgate in a pick-up, who was exposing his underwear, to pull up his pants and move along. *Id.* at ¶¶ 65-71. The juvenile refused, and following a verbal exchange, plaintiff arrested the juvenile, who was issued a ticket and released. *Id.* at ¶¶ 66-77. On November 6, 2013, Sergeant Buck and Lieutenant Winters ordered plaintiff to withdraw the ticket because the situation in Kricks was still "too sensitive." *Id.* at 78. Plaintiff complied. *Id.* at ¶ 78. On November 7, 2013, plaintiff was given a memo by defendant Chief Heim, in the presence of defendant Winchester, advising that plaintiff had made an "unlawful arrest" and was assigned to video surveillance pending completion of an investigation. *Id.* at ¶ 81. The report reflecting the

events resulting in the arrest – specifically, the verbal exchange - were modified on the internal document system, but not by plaintiff. *Id.* at ¶¶ 83-84.

In March 2014, plaintiff attempted to take "stress leave." *Id.* at ¶ 85. Defendants harassed plaintiff during his leave. *Id.* at ¶ 86.

The amended complaint does not allege that plaintiff was denied leave, or that he has been terminated.

**C.     STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The district court's analysis proceeds as follows: "First, the factual and legal elements of the claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . As the Supreme Court instructed in *Iqbal*, [w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. " *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).

**D.     ANALYSIS**

**Count I** – Plaintiff asserts a due process claim under § 1983 for deprivation of a liberty interest in his reputation based on alleged remarks made about him in the workplace. "'Reputation alone, [however], is not an interest protected by the Due Process Clause.'" *Versarge v. Township of Clinton*, 984 F.2d 1359, 1371 (3d Cir. 1993), quoting *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989). To make out a viable due process claim based on loss of reputation, plaintiff must show stigma to reputation plus deprivation of an additional right or interest. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). In the employment context, the "plus" is "an alteration or extinguishment of 'a right or status previously recognized by state law.'" *Hill*, 455 F.3d at 236, quoting *Paul*. The amended complaint does not allege termination, constructive discharge or other alteration or extinguishment sufficient to satisfy this element of the test, and this is fatal to plaintiff's claim. Moreover, the allegations as to stigma are inadequate under *Iqbal*. To satisfy the stigma part of the test, the stigmatizing statements must be alleged to have been false and made publicly. *Hill*, 455 F.3d at 236 (citations omitted). Here, the amended complaint alleges just that: defendants "made stigmatizing and false public statements about" plaintiff, which "infringed upon [plaintiff's] reputation, honor, or integrity." Amended complaint, ¶¶ 92, 95. Such conclusory allegations may be ignored under Iqbal. The single factual allegation as to negative comments made about plaintiff – a remark by defendant Winchester (a co-worker) to another co-worker stating

6

"Plaintiff was going to get him in trouble and that Plaintiff could be a detriment to his advancement at the police department," amended complaint, ¶ 27, is not alleged to have been made publicly. The due process claim contained in Count I must be dismissed.

Plaintiff also asserts an equal protection claim under § 1983, claiming that defendants "maintained an unconstitutional custom or policy which caused Plaintiff to be singled out for unfavorable treatment amongst a class of other police officers." Amended complaint, ¶ 96. "The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1981). Thus, broadly, to state a claim under the Equal Protection Clause, plaintiff must allege that: (1) he is a member of a protected class; and (2) he was treated differently from similarly situated individuals. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). The amended complaint does not allege that plaintiff is a member of a protected class. Therefore, he must proceed under the "class of one" theory. Under this theory, "plaintiff must allege that: (1) the defendant treated him differently from others similarly situated; (2) the defendant did so intentionally; and (3) there was no rational basis for the difference in treatment." *Hill*, 455 F.3d at 239, citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). As to the first element, the amended complaint alleges as follows: "there were two incidents very similar to Plaintiff's but with much less probable cause to stop the subject that were not affected by the chain of command. . . . Sgt. Ligget chased a subject for just running from him for no reason other than smelling

7

marijuana. . . . Officer Andre chased a man for merely running for no reason. . . . Andre tasered the subject and there were no issues." Amended complaint, ¶¶ 48-51. These allegations do not make clear that the referenced officers were so similarly situated with plaintiff as to render the allegedly different treatment actionable. As to the second and third: "Plaintiff was the victim of intentional discrimination at the hands of state actors who lacked a rational basis for so singling out the plaintiff, thereby causing harm." *Id.*, ¶ 98. These allegations, which merely recite the elements of the claim, are insufficient under *Iqbal* and the equal protection claim included in Count I must be dismissed.

**Counts II and III** – Plaintiff asserts that defendants conspired in violation of rights protected under § 1985. Section 1985(2) provides a cause of action against those who conspire "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with the intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3) provides a cause of action against any person who conspires "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

The amended complaint does not adequately allege the existence of a conspiracy. To successfully do so, the amended complaint must set forth facts establishing the elements of a conspiracy: (1) an agreement among the co-

8

conspirators or a "meeting of the minds," and (2) concerted action. *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008). "To withstand a motion to dismiss, a Complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiff's rights, the time and place of the actions, and the people responsible therefor." *Osei v. Temple University*, 2011 WL 4549609, *19 (E.D. Pa., Sep. 30, 2011), *aff'd*, 518 Fed. App'x 86 (2013), quoting *Boddorff v. Publicker Indus. Inc.*, 488 F.Supp. 1107, 1112 (E.D. Pa. 1980). "A mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient" to state a claim under section 1985(3). *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). Here, the amended complaint alleges: "there was a conspiracy between Defendants to deprive Plaintiff of his reputation interest," "the conspiracy was to deprive Plaintiff, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities under the laws," and "there was a conspiracy between the Defendants to impede, hinder, obstruct, or defeat Plaintiff from pursuing a course of justice with respect to acts he reasonably believed to be criminal." Amended complaint, ¶¶ 101, 102, 108. The amended complaint does not provide facts describing the specific conduct violative of plaintiff's rights: when and where such actions occurred, or which individuals were involved. Rather, it offers conclusory allegations as to conspiracy which do not satisfy *Iqbal*. Count II must, accordingly, be dismissed as to both claims under § 1985.

Plaintiff's claim under § 1985(3) must be dismissed for the additional reason that plaintiffs asserting such claims are required to allege a racial or class-based invidiously discriminatory animus on the part of defendants. *Kush v. Rutledge,* 460 U.S. 719, 725 (1983); *Farber v. City of Paterson,* 440 F.3d 131, 135 (3d Cir. 2006). No such allegations appear in the amended complaint. Moreover, as noted in connection with plaintiff's Equal Protection claim, there are no allegations in the amended complaint that suggest that plaintiff is a member of a protected class. *See, e.g., Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006)(for section 1985(3) purposes, a "class" must have an "independent identifiable existence" such that "a reasonable person must be able to 'readily determine by means of an objective criterion or set of criteria who is a member of the group and who is not.'"). For this additional reason, Count II must be dismissed.

**Count IV** – Section 1986, which makes actionable a knowing failure to prevent violations of § 1985, must be dismissed in light of the dismissal of the § 1985 claims. *Clark v. Clabaugh,* 20 F.3d 1290, 1295 (3d Cir. 1994) ("[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985)")

**Count V** – Plaintiff asserts that defendant City of Reading violated his rights under Section 504 of the Rehabilitation Act by requiring him to attend a "fit for duty" examination. Amended complaint, ¶123. In order to state a *prima facie* case of discrimination under the Rehabilitation Act, plaintiff must show: (1) he is disabled; (2) he was otherwise qualified to carry out the essential

functions of his job, with or without reasonable accommodation; and (3) he suffered an adverse employment action as a result of disability discrimination. *Wishkin v. Potter*, 476 F.3d 180, 185-86 (3d Cir. 2007) (citations omitted). Defendant posits that requiring the fit for duty test did not constitute a violation of the Rehabilitation Act. *See Diaz v. City of Philadelphia*, 2012 WL 1657866, *13 (E.D. Pa., May 10, 2012), *aff'd*, 565 Fed. App'x 102 (2014), quoting *Davis-Durnil v. Village of Carpentersville*, 128 F.Supp.2d 575, 580 (N.D. Ill. 2001) ("Especially in the context of police officers, employers do not violate the ADA by ensuring that officers are psychologically fit for duty."). *See also Pennsylvania State Troopers Ass'n v. Miller*, 621 F.Supp.2d 246, 256 (M.D. Pa. 2008) ("ensuring members' fitness for duty is a business necessity vital to the operation" of police departments). It is of note that plaintiff does not challenge this statement of the law, and urges denial of the motion solely because, in light of the requirement of the test, defendants clearly "regarded" plaintiff as disabled. This ignores the focus of defendant's argument, and Count V will be dismissed.

**Count VI** – Plaintiff asserts that defendant City of Reading has violated the Family and Medical Leave Act by interfering with plaintiff's right to leave under the act, and by retaliating against him for taking such leave.

To state a claim for interference under FMLA, plaintiff must show: (1) he was an eligible employee; (2) defendant was an employer subject to FMLA's requirements; (3) plaintiff was entitled to FMLA leave; (4) plaintiff gave notice to defendant of his intention to take FMLA leave; and (5) plaintiff was denied the

11

benefits to which he was entitled. *Ross v. Gilhuly*, 755 F.3d 185, 192 (3d Cir. 2014) (citations omitted); 29 U.S.C. § 2615(a)(1). Further, "for an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld." *Ross*, 755 F.3d at 192. Here, the factual allegations as to FMLA leave are as follows: "In or around March 2014, Plaintiff attempted to take 'stress leave.' Defendants have continued to harass Plaintiff while he is utilizing time Defendants knew or should have known was qualified time under the Family Medical and Leave Act [sic] ('FMLA')." Amended complaint, ¶¶ 85, 86. In other words, at the time of the filing of the amended complaint, plaintiff was utilizing FMLA leave. Plaintiff does not – and, based on the amended complaint, cannot – allege that FMLA benefits were withheld. This is fatal to plaintiff's claim for interference under FMLA which must, accordingly, be dismissed.

To state a claim for retaliation under FMLA, plaintiff must show: (1) he invoked his right to FMLA leave; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to plaintiff's invocation of his rights under FMLA. *Ross*, 755 F.3d at 193; 29 U.S.C. § 2615(a)(2). The amended complaint alleges that plaintiff was, at the time of the filing of that document, employed by defendant City of Reading as a police officer, utilizing FMLA leave. *See* amended complaint, ¶¶ 85, 86. The amended complaint alleges that plaintiff has been subject to "harassment," but does not identify any changes to plaintiff's employment status. In other words, it does not allege that plaintiff has suffered any adverse employment action at all, let alone as a

causal result of invoking his rights under FMLA. As a result, plaintiff's claim for retaliation under FMLA must be dismissed.

In his response to defendants' motion to dismiss, plaintiff requested leave to amend in the event the amended complaint was found deficient. Leave to amend will be granted. An order accompanies this memorandum.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR., J.